IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Farley's & Sathers Candy Company, Inc. ) | |
| ) | |
| Plaintiff, ) | Civil No. _____ |
| ) | |
| v. ) | Judge _____ |
| ) | |
| Mederer GmbH, ) | Magistrate Judge _____ |
| ) | |
| and Marketing & Sales Essentials, Inc. ) | |
| d.b.a. e.frutti ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Farley's & Sathers Candy Company, Inc. for its Complaint against Defendants Mederer GmbH and Marketing & Sales Essentials, Inc., d.b.a. e.frutti, alleges as follows based on present knowledge, information, and belief:

**PARTIES**

1. Plaintiff Farley's & Sathers Candy Company, Inc. (FSCCI) is a corporation organized and existing under the laws of the Delaware, with its principal place of business at One Sathers Plaza, P.O. Box 28, Round Lake, Minnesota 56167. Plaintiff has extensive operations in the United States and has a website at www.farleysandsathers.com.

2. Upon information and belief, Defendant Mederer GmbH (hereinafter "Mederer") is a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business at Oststrasse 94 D-90763,

Furth, Federal Republic of Germany. Upon information and belief, Defendant Mederer has extensive operations in the United States.

3. Upon information and belief, Defendant Marketing & Sales Essentials, Inc., d.b.a. e.frutti (hereinafter "MSE") is a corporation organized under the laws of the state of Florida with a mailing address of P.O. Box 3748, Blaine, Washington 98231. Upon information and belief, Defendant MSE serves as a distributor of Defendant Mederer's products and has extensive operations in the United States.

## NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement, unfair competition, and dilution under the Lanham Act, 15 U.S.C. §§ 1051 et seq., deceptive trade practices under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 et seq., unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq., and common law trademark infringement and unfair competition.

5. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over FSCCI's claims under state law under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen in the state of Minnesota, a citizen in the state of Florida, and a citizen of the Federal Republic of Germany.

6. This Court has personal jurisdiction over Defendants because *inter alia* Defendants do business in this judicial district and the conduct of Defendants complained of in this Complaint occurred in this judicial district.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

A.     **FSCCI, ITS MARKS, AND ITS PRODUCTS**

8.     FSCCI is one of the world's premier manufacturers of confections. FSCCI's products are sold through thousands of brick and mortar retail stores operated throughout the United States and through Internet sites. FSCCI has a reputation of being a leading manufacturer and distributor of quality confectionary and gum products. Over the last several years, FSCCI has developed its business both through internal growth and through acquisitions of famous confectionary brands, including TROLLI®, FARLEY'S®, SATHERS®, HEIDE®, JUJYFRUITS®, NOW AND LATER®, BOBS®, SWEET STRIPES®, SUPER BUBBLE®, FRUIT STRIPE®, RAIN-BLO®, CHUCKLES®, and BRACH'S®.

9.     FSCCI and its predecessors in interest have been commercially using the TROLLI trademark in the United States since at least as early as October 1981 in connection with candy.

10.    FSCCI and its predecessors in interest have been commercially using in the United States the BEAR DESIGN trademark ( ) and the WORM DESIGN trademark ( ) since at least as early as November 1999 in connection with candy.

11.    FSCCI and its predecessors in interest have been commercially using its distinctive packaging and trade dress depicted in Exhibit A in the United States since at least November 1999 in connection with its candy products. The features of FSCCI's distinctive packaging and trade dress used in connection with its TROLLI gummi bear candy include a combination of blue colored packaging, the bear design located on the

3

bottom right-hand side of the packaging, the green colored banner used as the background for the term "classic bears," the bubble-shaped lettering of the term TROLLI displayed in the color pink, the pink colored lettering of the term "bears," the yellow colored lettering of the word "classic," and the multi-colored border of the peek-a-boo window appearing on both sides of the packaging.  The features of FSCCI's distinctive packaging and trade dress used in connection with its TROLLI gummi worms include a combination of black colored packaging, a large blue-colored blotch behind the word TROLLI, the design of 4 multi-colored worms on the lower right-hand corner of the packaging, the bubble-shaped lettering of the term TROLLI displayed in the color pink, the green colored lettering in the word "sour," the rainbow-colored lettering of the word BRITE," the orange-colored lettering of the word CRAWLERS with the top portion of the word appearing in a lighter color than the bottom portion, and the multi-colored border of the peek-a-boo window appearing on both sides of the packaging.

12.   FSCCI has given notice of its registered rights in its marks by using the ® symbol in connection with its registered trademarks.

13.     FSCCI owns, among others, the following United States Trademark Registrations that are used in conjunction with the TROLLI brand:

| *MARK* | *REGISTRATION NO.* | *REGISTRATION DATE* |
|---|---|---|
| **TROLLI** | 1,285,440 | July 10, 1984 |
| [image of trolls] | 2,598,171 | July 23, 2002 |
| [image of gummy bear] | 1,522,816 | January 31, 1989 |
| **SOUR NEON CRAWLERS** | 3,387,798 | February 26, 2008 |
| [image of gummy worms] | 2,601,297 | July 30, 2002 |

Copies of these registrations are attached as Exhibits B, C, D, E, and F.

Registration Nos. 1285440, 2598171, 1522,816, 3387798, and 2601297 are incontestable, and are therefore conclusive evidence of the registration of the marks, of FSCCI's ownership of the marks, and of FSCCI's exclusive right to use the marks in interstate commerce.

14.     FSCCI has expended a substantial amount of money and effort in advertising and promoting its trademarks, trade dress and packaging as depicted in Exhibits A through F in connection with its TROLLI candy products (herein after collectively referred to as "TROLLI marks, trade dress and packaging").

15. FSCCI is among the most innovative and creative companies selling candy products in the world today, and its products are frequently imitated. FSCCI and its TROLLI marks, trade dress and packaging are well known and consumers have come to know, rely upon, and recognize the TROLLI marks, trade dress and packaging as identifying FSCCI's candy products. As a result of FSCCI's substantial promotional, advertising, publicity, and public relations activities, the TROLLI marks, trade dress and packaging have acquired substantial goodwill and are extremely valuable commercial assets. FSCCI's TROLLI marks, trade dress and packaging are and have been since at least as early as 1999 famous, highly distinctive and recognized by the public as identifying the goods of FSCCI.

16. FSCCI's TROLLI marks, trade dress and packaging are distinctive and inherently distinctive, serving to identify and indicate the source of FSCCI's products to the consuming public, and to distinguish FSCCI's products from those of others.

17. FSCCI also has common-law rights in the TROLLI marks, trade dress and packaging in Minnesota and throughout the United States.

**B.  The Defendants' Unlawful Conduct**

18. Defendants, with constructive and, upon information and belief, actual knowledge of FSCCI'S TROLLI marks, trade dress and packaging, began advertising, promoting, offering for sale, and selling candy products using the same or similar design trademarks, trade dress and packaging for its E.FRUTTI candy products as those used by FSCCI in promoting its TROLLI products. A sample copy of Defendants' E.FRUTTI design marks, packaging and trade dress is attached as Exhibit G.

19. The features of Defendants' packaging and trade dress used in connection

with its E.FRUTTI gummi bear candy include a combination of blue colored packaging, a bear design located on the lower right-hand side of the packaging, the bubble-shaped lettering of the term E.FRUTTI, the pink colored lettering of the term "bears," the yellow colored lettering of the term "gummi candy," and the multi-colored border of the peek-a-boo window appearing on both sides of the packaging. The features of Defendants' packaging and trade dress used in connection with its E.FRUTTI gummi worms include a combination of black colored packaging, a large blue-colored blotch behind the wording "E.FRUTTI gummi candy," the design of 4 multi-colored worms on the lower right-hand corner of the packaging, the bubble-shaped lettering of the term E.FRUTTI, the rainbow-colored lettering of the word "SOUR," the orange-colored lettering of the word WORMS with the top portion of the word appearing in a lighter yellow color than the bottom orange colored portion, and the multi-colored border of the peek-a-boo window appearing on both sides of the packaging. Defendants' packaging and trade dress used in connection with its E.FRUTTI gummi bears as described above and gummi worms as described in this paragraph (herein after collectively referred to "E.FRUTTI design marks, trade dress and packaging") both state "made by Trolli Guangzhou Confectionary Co. Ltd." on the back of the packaging.

20.   Defendants promote and sell E.FRUTTI candy products *inter alia* via their website at www.efrutti.com and third party Internet sites, and also brick and mortar candy outlets throughout the nation.

21.   Defendants are aware of the vast and valuable goodwill and reputation represented and symbolized by FSCCI's TROLLI marks, trade dress and packaging. Defendants also are aware that FSCCI's consumers and potential consumers rely upon

7

FSCCI's TROLLI marks, trade dress and packaging as distinguishing FSCCI's products from the products of others.

22. Defendants' awareness of the vast and valuable goodwill and reputation represented and symbolized by FSCCI's TROLLI marks, trade dress and packaging stems, in part, from Defendant Mederer's prior rights in the TROLLI marks, trade dress and packaging as a predecessor in interest of the TROLLI marks, trade dress and packaging in the United States.

23. Defendants' use of the E.FRUTTI design marks, trade dress and packaging is without attribution and without the permission, consent, or authority of FSCCI, and is likely to cause confusion, mistake, or deception. Such confusion is enhanced by Defendants' (a) use of the E.FRUTTI design marks, trade dress and packaging on candy products that are marketed with the same shapes and colors as the products of FSCCI; and (b) reference to the product manufacturer TROLLI GUANGZGOU CONFECTIONERY CO. LTD. on its product packaging. Depictions of FSCCI's TROLLI candy shapes and colors can be found in Exhibit H. Depictions of Defendants E.FRUTTI candy shapes, colors and packaging can be found in Exhibit I.

C. **Effect of Defendants' Conduct on FSCCI and the Consuming Public**

24. Defendants have infringed upon the rights of FSCCI by offering for sale, selling, advertising and distributing products whose design trademarks, trade dress and packaging are nearly identical or highly similar to the trademarks, trade dress and packaging of FSCCI's Products.

25. Defendants use the E.FRUTTI design marks, trade dress and packaging that are nearly identical or highly similar to FSCCI's proprietary trademarks, trade dress

and packaging to promote, advertise, sell, and offer for sale competing or similar types of goods as those offered by FSCCI in connection with its TROLLI marks, trade dress and packaging.

26.   The products Defendants advertise, promote, offer for sale, and sell using the E.FRUTTI design marks, trade dress and packaging are offered and/or promoted in the same channels of trade as the products offered by FSCCI in connection with its TROLLI marks, trade dress and packaging. Defendants and FSCCI advertise, promote, and offer their products to consumers in Minnesota and across the United States, including through websites located on the Internet. FSCCI's and Defendants' advertising and promotional materials are directed to the same or similar consumers.

27.   Defendants' continued use of the E.FRUTTI design marks, trade dress and packaging on the Internet, in its advertising and promotional materials, and in connection with its products is likely to diminish the goodwill associated with and dilute the distinctive quality of FSCCI's TROLLI marks, trade dress and packaging.

28.   The products Defendants advertise, promote, offers for sale, and sell using the E.FRUTTI design marks, trade dress and packaging are provided and/or promoted, and are likely to continue being provided and/or promoted, throughout the same geographic markets as the products offered by FSCCI in connection with its TROLLI marks, trade dress and packaging. Defendants derive and will continue to derive substantial revenue from their Products advertised, promoted, offered for sale, and sold using the E.FRUTTI design marks, trade dress and packaging.

29.   Defendants' unauthorized use of the E.FRUTTI design marks, trade dress and packaging is likely to cause confusion or mistake or to deceive consumers into

believing that Defendants' unauthorized products sold, advertised, promoted, and offered under the E.FRUTTI design marks, trade dress and packaging are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with FSCCI or that FSCCI's Products offered under its TROLLI marks, trade dress and packaging are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Defendants. The likelihood of consumer confusion, mistake or deception is further enhanced by Defendants' use of the same or similar product shapes and colors in connection with their E.FRUTTI candy products.

30.    Upon information and belief, Defendants' continued use of the E.FRUTTI design marks, trade dress and packaging is with full knowledge of the prior ownership by FSCCI of FSCCI's TROLLI marks, trade dress and packaging and FSCCI's rights to use and control the use of its TROLLI marks, trade dress and packaging.

31.    Defendants have acted and continue to act without regard to FSCCI's property rights and goodwill. On information and belief, the Defendants have intentionally copied, mimicked, duplicated and made slavish imitations of FSCCI's TROLLI marks, trade dress and packaging knowing that consumers would falsely associate Defendants' goods with FSCCI and its products, and consumers would be confused as to the source and origin of Defendants' goods.

32.    As a result of Defendants' unauthorized use of the E.FRUTTI design marks, trade dress and packaging, Defendants are being unjustly enriched at FSCCI's expense, and FSCCI is being damaged.

33.    Defendants' unauthorized use of the E.FRUTTI design marks, trade dress and packaging in association with its products has significantly injured FSCCI's interests.

Specifically, Defendants (a) have traded upon and threatened to further trade upon the significant and valuable goodwill in FSCCI's TROLLI marks, trade dress and packaging; (b) are likely to cause public confusion as to the source, sponsorship or affiliation of Defendants' Products; (c) have damaged and threaten to further damage FSCCI's significant and valuable goodwill in FSCCI's TROLLI marks, trade dress and packaging; (d) have injured and threaten to further injure FSCCI's right to use FSCCI's TROLLI marks, trade dress and packaging as the exclusive indicia of origin of FSCCI's candy products in Minnesota and throughout the United States; and (e) have lessened the capacity of FSCCI's TROLLI marks, trade dress and packaging to indicate that FSCCI's products are sponsored by FSCCI.

34.     Unless these infringing acts by Defendants are restrained by this Court, they will cause irreparable injury to FSCCI and to the public, for which there is no adequate remedy at law.

**D.     Willful Nature of Defendants' Conduct**

35.     Defendants' acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of FSCCI's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

*COUNT I:  FEDERAL TRADEMARK INFRINGEMENT*

36.     FSCCI repeats the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     The acts of Defendants complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute

federal trademark infringement in violation of 15 U.S.C. § 1114(1). By reason of Defendants' bad faith and willful infringement, FSCCI is entitled to recover actual damages, treble damages, an accounting for Defendants' profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT II: FEDERAL UNFAIR COMPETITION

38. FSCCI repeats the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). FSCCI is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT III: DILUTION

40. FSCCI repeats the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The acts of Defendants complained of herein constitute dilution under 15 U.S.C. § 1125(c)(1) and the common law. By reason of Defendants' bad faith and willfulness, FSCCI is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

42. FSCCI repeats the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. By engaging in the foregoing acts, Defendants have knowingly engaged in unlawful passing off and competed unfairly with FSCCI in violation of the common law of unfair competition in the State of Minnesota.

44. FSCCI is entitled to recover actual and punitive damages for Defendants' unfair competition.

### COUNT V:  COMMON LAW TRADEMARK INFRINGEMENT

45. FSCCI repeats the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. FSCCI's proprietary Product trademarks, trade dress and packaging are distinctive.

47. Defendants' use of FSSCI's proprietary Product trademarks, trade dress and packaging is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' products in that customers and potential customers are likely to believe that Defendants' products offered in connection with FSCCI's proprietary marks, trade dress and packaging are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to FSCCI or its products.

48. Defendants' acts constitute trademark infringement under the common law.

49. Defendants' acts were taken in willful, deliberate, and/or intentional disregard of FSCCI's rights.

50. FSCCI has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendants' infringing acts are enjoined by this Court.

## COUNT VI:  DECEPTIVE TRADE PRACTICES

51. FSCCI repeats the allegations of paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. The acts of the Defendants complained of herein constitute deceptive trade practice in violation of the Deceptive Trade Practices Act of the State of Minnesota, M.S.A. §§ 325D.44 et seq.

53. As a result and proximate cause of Defendants' deceptive trade practices, FSCCI has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

54. Pursuant to Minn. Stat. § 325D.45, FSCCI is entitled to recover its costs and attorneys' fees.

## COUNT VII:  UNLAWFUL TRADE PRACTICES

55. FSCCI repeats the allegations of paragraphs 1-54 of this Complaint as if fully set forth herein.

56. The acts of the Defendants complained of herein constitute unlawful trade practices in violation of Minn. Stat. § 325D.09 et seq.

57. As a direct and proximate result of Defendants' unlawful trade practices, FSCCI has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

58. The public is being harmed by Defendants' use of the E.FRUTTI design marks, trade dress and packaging; stopping Defendants' actions will benefit the public in general and individual consumers.

59.     Pursuant to Minn. Stat. § 325D.15 and § 8.31, subd. 3a, FSCCI is entitled to recover its costs, disbursements, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, FSCCI prays that:

(a)     Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, are permanently enjoined from selling or offering for sale any confusingly similar copies of FSCCI's proprietary trademarks, trade dress and packaging and from using any trade dress or packaging confusingly similar to the TROLLI marks, trade dress and packaging;

(b)     Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, are required to modify all packaging and promotional material to eliminate references confusingly similar to FSCCI's TROLLI marks, trade dress and packaging, and any confusingly similar copies of FSCCI's proprietary trademarks, trade dress and packaging;

(c)     Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, are required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, products, packages, wrappers, receptacles, and advertisements, and any other materials in Defendants' possession or control that reference any mark, design mark, trade dress or packaging confusingly similar to the FSCCI's marks, trade dress and packaging, and that depict or incorporate confusingly similar copies of FSCCI's proprietary trademarks, trade dress and Product packaging;

(d)     Defendants are ordered to file with this Court and to serve upon FSCCI within 30 days after the entry and service on Defendants of an injunction, a report in

writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e)     FSCCI recovers all damages it sustains as a result of Defendants' infringement, unfair competition, and deceptive and unlawful trade practices and that said damages be trebled;

(f)     An accounting be directed to determine Defendants' profits resulting from Defendants' activities complained of herein, and that such profits be paid over to FSCCI, increased as the Court finds to be just under the circumstances of this case;

(g)     Defendants and all others acting in concert with them be directed to pay punitive damages to deter Defendants and all others similarly situated from like unlawful conduct in the future;

(h)     FSCCI recovers its reasonable attorneys' fees;

(i)     FSCCI recover its costs of this action and pre-judgment and post-judgment interest; and

(j)     FSCCI recovers such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), FSCCI hereby demands a trial by jury on all issues triable as of right by a jury.

                                          Respectfully submitted,

                                          FARLEY'S & SATHERS CANDY
                                          COMPANY, INC.

                                          by its attorneys,

Dated: _10-18-10_     _____
Scott W. Johnston, Reg. No. 247558
Danielle I. Mattessich, Reg. No. 387,610
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone: 612.332.5300
Facsimile: 612.332.9081
sjohnston@merchantgould.com